IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL S. REYNOLDS,<br><br>    Plaintiff,<br><br>  v.<br><br>ALTON ANDERSON LOMAS,<br><br>    Defendant.<br>_____ / | No. C 11-03218 JSW<br><br>**ORDER GRANTING MOTION TO CONFIRM ARBITRATION AWARD** |

Now before the Court is the motion to confirm the international commercial arbitration award filed by Plaintiff Michael S. Reynolds ("Reynolds"). The Court finds that this matter is appropriate for disposition without oral argument and, thus, is deemed submitted. *See* N.D. Civ. L.R. 7-1(b). Accordingly, the hearing set for February 3, 2012 is HEREBY VACATED. Having carefully reviewed the parties' papers and considering their arguments and the relevant authority, and good cause appearing, the Court hereby grants Reynold's motion.

**BACKGROUND**

On March 27, 2009, Yu Xing and defendant Alton Anderson Lomas ("Lomas") submitted a claim against Reynolds to the International Court of Arbitration of the International Chamber of Commerce. (Compl., Ex.2.) Reynolds submitted a counterclaim against Yu Xing on October 9, 2009. (*Id.*) Due to Lomas and Yu Xing's failure to pay their share of the balance of the separate advance of costs, their original claim was deemed withdrawn as of August 9, 2010. (*Id.*) On April 13, 2011, the arbitrator issued an award in favor of Reynolds. The award included costs to be paid by Lomas and Yu Xing to Reynolds. (*Id.*)

On October 14, 2012, Reynolds filed the instant motion to confirm the arbitration award. After no opposition was filed within the deadline, Reynolds filed a reply. After the reply was filed, and without leave of Court, Lomas filed his opposition to the motion to confirm the arbitration award.

The Court will address additional facts as necessary in the remainder of this order.

**ANALYSIS**

Pursuant to Northern District Local Civil Rule 7-3(a), Lomas' opposition to the motion to confirm had to be filed an served by no later than October 28, 2011, fourteen days after the motion was filed. After no opposition was filed, Reynolds filed a reply on November 4, 2011. On November 7, 2011, after the reply was filed, and without receiving leave of Court, Lomas filed an opposition. Northern District Local Civil Rule 7-3(d) provides that "[o]nce a reply is filed, no additional memoranda, papers or letters may be filed without prior Court approval... ." Based on Lomas' to seek leave of Court to file his belated opposition after the reply had already been filed, the Court hereby STRIKES Lomas' opposition brief and grants Reynold's motion as unopposed.

Moreover, even if the Court were to consider Lomas' opposition, he fails to meet his burden to demonstrate that the Court should refuse to enforce the arbitration award. "Confirmation of foreign arbitration awards is governed by the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, June 10, 1958, 21 U.S.T. 2517, known as the New York Convention, and federal law implementing the Convention, 9 U.S.C. §§ 201-208." *Ministry of Defense and Support for the Armed Forces of the Islamic Republic of Iran v. Cubic Defense Systems, Inc.*, – F.3d –, 2011 WL 6225235, *2 (9th Cir. 2011). Section 207 provides:

> Within three years after an arbitral award falling under the Convention is made, any party to the arbitration may apply to any court having jurisdiction under this chapter for an order confirming the award as against any other party to the arbitration. The court shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention.

9 U.S.C. § 207. The Convention embodies a "pro-enforcement bias" towards foreign awards. *Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.*, 284 F.3d 1114, 1120 (9th Cir.

1   2002).  The Supreme Court has also recognized the important role of international arbitration
2   agreements:

> 3   [C]oncerns of international comity, respect for the capacities of foreign and transnational tribunals, and sensitivity to the need of the international commercial
> 4   system for predictability in the resolution of disputes require that we enforce the parties' agreement, even assuming that a contrary result would be forthcoming in
> 5   a domestic context.

6   *Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc.,* 476 U.S. 614, 629 (1985).

7   Under Article V of the Convention, recognition and enforcement of an award my be
8   refused only if the party against whom the award is invoked furnishes proof of one of the
9   enumerated grounds.  Article V provides:

> 10   1.   Recognition and enforcement of the award may be refused, at the request of the party against whom it is invoked, only if that party furnishes to the
> 11   competent authority where the recognition and enforcement is sought, proof that:
> 12   (a)   The parties to the agreement referred to in article II were, under the law applicable to them, under some incapacity, or the said
> 13   agreement is not valid under the law to which the parties have subjected it or, failing any indication thereon, under the law of the
> 14   country where the award was made; or
> 15   (b)   The party against whom the award is invoked was not given proper notice of the appointment of the arbitrator or of the arbitration
> proceedings or was otherwise unable to present his case; or
> 16   (c)   The award deals with a difference not contemplated by or not falling within the terms of the submission to arbitration, or it
> 17   contains decisions on matters beyond the scope of the submission to arbitration, provided that, if the decisions on matters submitted
> 18   to arbitration can be separated from those not so submitted, that part of the award which contains decisions on matters submitted to
> 19   arbitration may be recognized and enforced; or
> (d)   The composition of the arbitral authority or the arbitral procedure
> 20   was not in accordance with the agreement of the parties, or, failing such agreement, was not in accordance with the law of the country
> 21   where the arbitration took place; or
> (e)   The award has not yet become binding on the parties, or has been
> 22   set aside or suspended by a competent authority of the country in which, or under the law of which, that award was made.
> 23   2.   Recognition and enforcement of an arbitral award may also be refused if the competent authority in the country where recognition and enforcement
> 24   is sought finds that:
> (a)   The subject matter of the difference is not capable of settlement by
> 25   arbitration under the law of that country; or
> (b)   The recognition or enforcement of the award would be contrary to
> 26   the public policy of that country.

27   "These defenses are construed narrowly, and the party opposing recognition or
28   enforcement bears the burden of establishing that a defense applies." *Cubic Defense Systems,*

3

*Inc.*, 2011 WL 6225235, *2; *see also Ministry of Defense of the Islamic Republic of Iran v. Gould, Inc.*, 969 F.2d 764, 770 (9th Cir. 1992) (The party challenging a foreign award bears a substantial burden because "public policy in favor of international arbitration is strong."). Lomas contends six of these enumerated defenses apply here. The Court will address each one in turn.

**A.    Lomas Was Unable to Present His Case.**

The Court may refuse to enforce the arbitration award if "[t]he party against whom the award is invoked was not given proper notice of the appointment of the arbitrator or of the arbitration proceedings or was otherwise unable to present his case." Article V(1)(b). This provision "essentially sanctions the application of the forum state's standards of due process." *Karaha Bodas Co., L.L.C. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 364 F.3d 274, 298 (5th Cir. 2004). Lomas argues that he was not able to present his case because his claim was deemed withdrawn prior to the hearing, and, thus, he was not able to present his case on his claim at the hearing. The Court finds that Lomas fails to meet his burden to show that this defense applies. Lomas does not argue that the arbitrator violated any due process standards. Upon review of the record, the Court finds that Lomas was able to present his case. He was a party in the proceedings from when he and the other claimant, Yu Xing, requested arbitration on April 3, 2009 until his and Yu Xing's claim was deemed withdrawn on August 9, 2010. (Compl., Ex. 2.) Both Yu Xing and Lomas were represented by the same counsel. Lomas's and Yu Xing's counsel appeared at the arbitration hearing and submitted witness statements from both Yu Xing and Lomas. (*Id.*, Ex. 2.) Moreover, their counsel presented their arguments to the arbitrator with respect to the costs awarded. (*Id.*, Ex. 2.) In light of these facts, the Court finds that Lomas has not met his substantial burden to demonstrate that he was denied due process and was unable to present his case.

**B.    The Award Deals with a Difference Not Contemplated by or Not Falling Within the Terms of the Submission to Arbitration.**

Next, Lomas argues that the award deals with a difference not contemplated by or not falling within the terms of the submission to arbitration. Lomas argues, without any supporting

4

evidence or legal authority, that this defense applies because it was not his intent that the counterclaim could be heard in arbitration once his claim was deemed withdrawn. Both the original claim and the counterclaim assert breaches of the same agreement, which contained an arbitration clause. Lomas does not make a valid argument that the counterclaim was not properly addressed by the arbitrator. Accordingly, the Court finds Lomas has not met his burden to show that this defense applies.

### C. The Award Contains Decisions on Matters Beyond the Scope of the Submission to Arbitration.

Lomas argues that the award contains costs incurred on both the original claim and the counterclaim and that because the principal claim was deemed withdrawn before the hearing, "the principal claim was not submitted to arbitration." However, the claim was submitted to arbitration. It was merely deemed withdrawn prior to the hearing. Lomas has not submitted any authority demonstrating that the arbitrator lacked authority to award costs on both the original claim and the counterclaim. Accordingly, the Court finds that Lomas has not met his burden to show that this defense applies.

### D. Matters Submitted to Arbitration Can Be Separated From Those Not Submitted.

Similar to his argument regarding matters beyond the scope of the submission to arbitration, Lomas argues that because costs incurred on the original claim could have been separated from the costs incurred on counterclaim, the Court should refuse to enforce the arbitration award. Again, Lomas appears to argue that because the original claim was deemed withdrawn, the Court should treat it as though it had never been submitted to arbitration. However, the original claim, along with the counterclaim, were both submitted to arbitration. Lomas fails to cite to any authority in support of his argument, and the Court finds his argument unconvincing. Accordingly, the Court finds that Lomas has not met his burden to show that this defense applies.

### E. The Arbitral Procedure Was Not in Accordance with the Agreement of the Parties.

Without any supporting evidence or legal authority, Lomas argues that "it was contemplated that all disputes between Mr. Lomas, Mr. Yu, and Mr. Reynolds would be

arbitrated simultaneously." (Opp. at 6.) In the absence of any such evidence or authority, the Court finds that Lomas has not met his burden to show that the arbitral procedure was not in accordance with the agreement of the parties.

### F. Recognition and Enforcement of the Award Would Be Contrary to the Public Policy of the United Kingdom.

Finally, Lomas half-heartedly argues that recognition and enforcement of the award would be contrary to the public policy of the United Kingdom. Lomas states that his "[d]efense counsel is presently conferring with defense counsel in the United Kingdom. needs [*sic*] further time to fully research and develop this legal theory. However, preliminary research indicates that even under the laws of the United Kingdom, the International Court of Arbitration overreached in coming to its Award of costs. ..." (Opp. at 6.) This defense "applies only when confirmation or enforcement of a foreign arbitration award would violate the forum state's most basic notions of morality and justice." *Cubic Defense Systems*, 2011 WL 6225235, *3 (internal quotation marks and citation omitted). Lomas' unsupported argument falls woefully short of this standard.

Because Lomas has not met its substantial burden to show that any of the enumerated defenses apply, the Court grants Reynolds' motion to confirm the international commercial arbitration.

### CONCLUSION

For the foregoing reasons, the Court GRANTS Reynolds' motion to confirm the arbitration award.

**IT IS SO ORDERED.**

Dated: January 30, 2012

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE