IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MICHAEL S. REYNOLDS,

    Plaintiff,

    v.

ALTON ANDERSON LOMAS,

    Defendant.

No. C 11-03218 JSW

**ORDER REGARDING MOTION FOR RELIEF FROM JUDGMENT**

Now before the Court is the motion for relief from judgment filed by defendant Alton Anderson Lomas ("Lomas") pursuant to Federal Rule of Civil Procedure 60(b). The Court finds that this matter is appropriate for disposition without oral argument and, thus, is deemed submitted. *See* N.D. Civ. L.R. 7-1(b). Accordingly, the hearing set for October 5, 2012 is HEREBY VACATED. Having carefully reviewed the parties' papers and considering their arguments and the relevant authority, and good cause appearing, the Court hereby denies Lomas's motion.

**BACKGROUND**

On March 27, 2009, Yu Xing and Lomas submitted a claim against Plaintiff Michael S. Reynolds ("Reynolds") to the International Court of Arbitration of the International Chamber of Commerce. (Compl., Ex.2.) Reynolds submitted a counterclaim against Yu Xing on October 9, 2009. (*Id.*) Due to Lomas and Yu Xing's failure to pay their share of the balance of the separate advance of costs, their original claim was deemed withdrawn as of August 9, 2010. (*Id.*) On

1  April 13, 2011, the arbitrator issued an award in favor of Reynolds. The award included costs
2  to be paid by Lomas and Yu Xing to Reynolds. (*Id.*)

3  In an order dated January 30, 2012, the Court confirmed the international commercial
4  arbitration award and then entered judgment in favor of Reynolds. Lomas has obtained new
5  counsel and now seeks relief from judgment.

6  The Court will address additional facts as necessary in the remainder of this order.

## ANALYSIS

8  Rule 60(b) of the Federal Rules of Civil Procedure provides for relief from judgment
9  where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable
10 neglect; (2) newly discovered evidence that by due diligence could not have been discovered
11 before the court's decision; (3) fraud by the adverse party; (4) voiding of the judgment; (5)
12 satisfaction of the judgment; (6) any other reason justifying relief. Fed. R. Civ. P. 60(b); *School
13 Dist. 1J v. ACandS Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Although couched in broad terms,
14 subparagraph (6) requires a showing that the grounds justifying relief are extraordinary.
15 *Twentieth Century - Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981).

16 Lomas moves under Rule 60(b)(1) and (6). Lomas clarifies in his reply brief that he is
17 not asserting "excusable neglect." (Reply at 3.) Although Lomas does not state whether he is
18 seeking relief on the basis of "mistake," "inadvertence," or "suprise," his argument appears to
19 be premised on asserted mistakes. Lomas argues that his prior attorney erred by failing to make
20 the correct legal arguments. However, "[a]s a general rule, parties are bound by the actions of
21 their lawyers, and alleged attorney malpractice does not usually provide a basis to set aside a
22 judgment pursuant to Rule 60(b)(1)." *Casey v. Albertson's Inc.,* 362 F.3d 1254, 1260 (9th
23 Cir.2004); *see also Allmerica Fin. Life Ins. & Annuity Co. v. Llewellyn,* 139 F.3d 664, 665-66
24 (9th Cir.1997) ("counsel's failure to plead an affirmative defense ... does not provide a basis for
25 equitable relief under Rule 60(b)(1)"); *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,*
26 507 U.S. 380, 397(1993) ("[Parties are] held responsible for the acts and omissions of their
27 chosen counsel"); *Engleson v. Burlington Northern R. Co.*, 972 F.2d 1038, 1043 (9th Cir. 1992)
28 ("Neither ignorance nor carelessness on the part of the litigant or his attorney provide grounds

for relief under Rule 60(b)(1).") (internal quotation marks and citation omitted). Instead, the Ninth Circuit has counseled that attorney's errors are "more appropriately addressed through malpractice claims" and not a Rule 60(b)(1) motion. *Latshaw v. Trainer Wortham & Co.*, 452 F.3d 1097, 1101 (9th Cir. 2006).

Lomas argues that relief is also warranted under Rule 60(b)(6). However, a motion for relief from judgment under Rule 60(b)(6) cannot be "premised on one of the grounds for relief enumerated in clauses (b)(1) through (b)(5)." *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 863 & n. 11 (1988); *see also Lafarge Conseils et Etudes S.A. v. Kaiser Cement & Gypsum Co.*, 791 F.2d 1334, 1338 (9th Cir. 1986) (noting that Rule 60(b)(6) is residual and is exclusive of the preceding subsections of the rule). As discussed above, Lomas's apparent basis for relief is attorney mistake. Moreover, relief under Rule 60(b)(6) requires a showing of extraordinary circumstances. *See Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 393 (1993); *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993). Lomas has not demonstrated that such extraordinary circumstances exist in this case. Accordingly, Lomas has not demonstrated a valid grounds for relief from judgment under Rule 60(b).

Even if the Court were to find that the purported error by Lomas's prior counsel in failing to assert the "correct" legal arguments is an appropriate basis for a motion under Rule 60(b), the Court still finds that relief from judgment is not warranted. Lomas argues that because his claim was dismissed from the arbitration before the award was issued, he was a non-party at the time of the award. Therefore, according to Lomas, the imposition of joint and several liability for Reynolds' attorneys' fees and costs was a violation of due process and, thus, the recognition or enforcement of the award would be contrary to the public policy of the United States.

The Ninth Circuit has made clear that "[i]n recognition of a presumption favoring upholding international arbitration awards under the Convention, this defense is construed narrowly." *Ministry of Defense and Support for the Armed Forces of the Islamic Republic of Iran v. Cubic Defense Systems, Inc.*, 665 F.3d 1091, 1096-1097 (9th Cir. 2011) (internal

1   quotation marks and citation omitted). This defense is applicable "only when confirmation or
2   enforcement of a foreign arbitration award would violate the forum state's most basic notions of
3   morality and justice." *Id*. at 1097 (internal quotation marks and citation omitted). As the Court
4   noted in its order confirming the arbitration award, Lomas's prior counsel conceded that the
5   award contains costs incurred on both the original claim and the counterclaim. Lomas brought
6   the original claim. The arbitrator apparently agreed. (Compl., Ex. A (Arbitration Award) at §
7   5.38 (The ICC Secretariat responded to Lomas's request for reimbursement of his costs by
8   "pointing out that the costs of the arbitration are exclusively fixed by the ICC Court at the end
9   of the arbitration.") and § 5.47 (The ICC Secretariat informed the parties that the ICC Court
10  decided not to fix the costs of the arbitration between Lomas and Reynolds under the end of the
11  case.).) In the present motion, Lomas does not address this point. Because the award includes
12  costs incurred on a claim brought by Lomas, the Court disagrees that the imposition of these
13  costs on him violates due process. Lomas fails to submit any authority demonstrating that the
14  fact that Arbitrator declined to segregate the costs from the original claim from the costs
15  incurred on the counterclaim rises to the level of a due process violation in violation of the
16  United States' most basic notions of morality and justice.

17  Lomas also argues that the imposition of Reynolds' fees and costs on Lomas is a
18  difference not contemplated by or not falling with the terms of the submission to arbitration, or
19  is a decision on a matter beyond the scope of the submission to arbitration. This is another
20  version of Lomas's argument that the arbitrator erred in imposing costs on him as a "non-
21  party." According to Lomas, because he was no longer a party at the time the costs were
22  imposed, the arbitrator did not have any authority to impose any costs against him. However, as
23  stated above, Lomas does not dispute that Reynolds incurred some costs in defending against
24  the original claim brought by Lomas. Moreover, International Chamber of Commerce's
25  International Court of Arbitration rules provide that decisions on costs, which include attorneys'
26  fees, may be taken at any time and that the final award shall fix costs and decide which party
27  bears them. (Declaration of Megan L. Barker in Support of Reynold's Mot. to Conf. Arb., Ex.
28  A at Art. 31(1), (2), and (3).) Lomas argues that because he was not a party at the time the

4

award was issued, the arbitrator had no authority to impose any liability for the costs on him. Because Lomas does not dispute that some costs were incurred while he was a party, and the applicable rules provide that the final award shall fix the costs, the Court finds that Lomas has not demonstrated that the arbitrator acted outside of his authority. Accordingly, Lomas has not demonstrated that relief from judgment is warranted. The Court therefore denies his motion under Rule 60(b).

## CONCLUSION

For the foregoing reasons, the Court DENIES Lomas's motion for relief from judgment under Rule 60(b).

**IT IS SO ORDERED.**

Dated: September 28, 2012

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE